JUDGE LINDSAY
delivered the opinion oe the cotírt.
It is objected that the indictment in this case charges four persons with the commission of the offense of rape, as defined by section 4, article 4, chapter 28, of the Revised Statutes; said section provides that “ whoever shall unlawfully and carnally know any white woman against her will or consent, or by force or while she is insensible, shall be guilty of rape, and shall be confined in the penitentiary from ten to twenty years.” Appellant’s counsel insists that this statutory definition supersedes the common-law definition of the crime in question, and that, inasmuch as “carnal” knowledge of the woman seems to be an indispensable element of the offense, there can be (under the statute) no principals in the second degree, and hence that an indictment against more than one person for an offense that can not be jointly committed is necessarily defective.
This supposed defect appellant attempted to take advantage of by demurrer. His demurrer was overruled, and of this he complains. We need not inquire whether the action of the circuit judge in overruling said demurrer was or not correct.
The power of this court to reverse in cases of felony is by express statute limited to errors of law committed by the-lower court in “admitting or rejecting important evidence,” “in instructing or in refusing to instruct the jury,” “in failing to arrest the judgment,” and “in allowing or disallowing a peremptory challenge.” (Sec. 334 Criminal Code of Practice.) *198 We can not reverse for a defect in the indictment that does not authorize an arrest of the judgment; and a judgment of conviction, in a prosecution for felony can be arrested only when the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court. (Sec. 271 Criminal Code.)
It can not be pretended that the indictment in this case does not charge a public offense committed by the appellant, and within the jurisdiction of the Hickman Circuit Court. It may be that four persons charged with four distinct offenses have been jointly indicted, or that Weatherford is charged with having jointly with others committed an offense which is not susceptible of being committed by more than one person; but, however this may be, it is clear from the indictment and from the facts therein stated that Weatherford in person is charged with having committed the crime of rape upon the person of Fannie Shelton.
It results therefore that the court below did not err in overruling the motion to arrest the judgment. For reasons already given it is not necessary to investigate the supposed error as to the time at which the offense is charged to have been committed.
The bill of exceptions shows that an instruction, designated as instruction No. 4, was given on motion of the commonwealth. It is not, however, embodied in the bill of exceptions; and, although a paper purporting to be. instruction No. 4 is copied into the record, there is no'statement either by the court or the clerk tending to identify it. We might therefore decline to consider it; but, treating it as the instruction actually given, we do not see that it is erroneous.
Where the indictment is joint, if it shall appear in proof that the party on trial was the only one concerned in the commission of the offense, there may be a verdict and judgment against him the same as though he was indicted alone. *199 (1 Bishop on Criminal Procedure, sec. 223.) If therefore instructions Nos. 3 and 4 conflict, it is because No. 3 is more favorable to appellant than it should have been, and the conflict must have operated to the advantage of the accused if it affected the jury at all.
We perceive nothing in the record authorizing the interference of this court.
The judgment is affirmed.